UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: 26-mj-59 (SRN/SGE) |
| Plaintiff, | |
| v. | **MOTION TO DISCLOSE PURSUANT TO RULE 6(e)** |
| MATRIM JAMES CHARLEBOIS, | |
| Defendant. | |

Matrim Charlebois, by and through her attorney, moves this Court, for disclosure of any grand jury proceedings in this case pursuant to Fed. R. Crim. P. 6(e).  Specifically, Ms. Charlebois moves for disclosure of: (1) any "No Bill" returned by the grand jury related to her and (2) any testimony or evidence presented to the grand jury that resulted in a "No Bill."

The charge in this matter was initiated by a felony criminal complaint filed on January 23, 2026.  (ECF No. 1).  The criminal complaint charged Ms. Charlebois with violation of 18 U.S.C. § 111(a) and 18 U.S.C. § 1361.  A subsequent misdemeanor information was filed on February 4, 2026.  (ECF No. 16).  The information charges Ms. Charlebois with violation of 18 U.S.C. § 111(a)(1) and 18 U.S.C. § 1361.

Rule 6(e)(2)(E)(ii) of the Federal Rules of Criminal Procedure allow this Court to order disclosure of grand jury proceedings, "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury".  In this case, Ms. Charlebois finds herself in the unusual place where the

Government filed a criminal complaint alleging she committed two felony offenses.  18 U.S.C. §§ 111(a) and 1361.  Then 11 days later the Government filed an information signed only by a Special Assistant United States Attorney, alleging Ms. Charlebois committed only misdemeanors.  18 U.S.C. § 111(a)(1).  It is possible this case was never brought before the grand jury, in which case the Government's confirmation that Ms. Charlebois' case was *not* submitted to the grand jury moots this motion—a process that does not implicate any of the grand jury secrecy rules.

However, if Ms. Charlebois' case was submitted to the grand jury, the lack of a returned indictment would almost certainly constitute *Brady* material, as it has a demonstrated exculpatory character: the grand jury reviewed the proffered evidence and found no probable cause existed. The testimony or evidence presented to the grand jury/ a "No Bill" might also form grounds for a motion to dismiss and a basis to challenge the information which has been signed only by a Government attorney with no judicial oversight.

Dated: March 10, 2026

Respectfully submitted,

*s/Lisa M. Lopez*
Lisa M. Lopez
Attorney No. 395791
Attorney for Ms. Charlebois
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415