UNITED STATES OF AMERICA,

Plaintiff,

v.

MATRIM JAMES CHARLEBOIS,

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT 1 FOR FAILURE TO STATE AN OFFENSE**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and John R. Arboleda, Special Assistant United States Attorney, hereby submits its response in opposition to Defendant's Motion to Dismiss Count 1 for Failure to State an Offense (ECF No. 25). The Government opposes this motion for the reasons set forth below.

Charlebois moves to dismiss the information under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), alleging that the charging instrument is defective because it "fails to state an offense." (ECF. 25) The Government opposes Charlebois' motion for the reasons set forth below.

Under the Federal Rules of Criminal Procedure, an information must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged…" Fed. R. Crim. P. 7(c). An information is

legally sufficient if it contains the elements of the offense, informs the defendant of the charges, and enables the defendant to plead an acquittal or conviction as a bar to any future prosecution for the same offense. *United States v. Tebeau*, 713 F.3d 955 (8th Cir. 2013); *United States v. LaTourell, et al.,* No. 20-MJ-0687 (WMW/LIB), 2021 WL 2177595 (D. Minn. May 28, 2021). An indictment will ordinarily be held sufficient unless no reasonable construction can be said to charge the offense. *United States v. Nabors*, 45 F.3d 238 (8th Cir. 1995). Further, an information which "tracks the statutory language" is ordinarily sufficient, even if it does not include elements of the offense as interpreted by judicial decisions. *United States v. Prelogar*, 996 F.3d 526, 531-32 (8th Cir. 2021); *United States v. Jawher*, 950 F.3d 576, 579 n.2 (8th Cir. 2020). Here, the government's filed information, *see* ECF No. 16, tracks the statutory language of 18 U.S.C. § 111, a fact that Charlebois concedes. (see ECF No. 25). Because it tracks the statutory language, the Information is sufficient on its face. *See United States v. Lopez*, No. 25-230 (JRT/DJF), 2026 WL 207356 at *3 (D. Minn. Jan. 27, 2026) (holding that an Indictment that tracked the statutory language of 18 U.S.C. § 111(a)(1) was facially sufficient). In addition to the statutory language, the information apprises Charlebois of the time frame of the alleged violation of 18 U.S.C. 111(a)(1), (ECF No. 16), which the Eighth Circuit has recognized provides sufficient specific facts constituting the offense to put a defendant on notice of what conduct the

allegation concerns. *See United States v. Huggans*, 650 F.3d 1210, 1217-18 (8th Cir. 2011) (affirming the denial of a motion to dismiss an indictment as insufficient, where the indictment set forth the offense in the words of the statute itself, and provided the defendant the time frame of the alleged drug conspiracy and the type of drugs involved); *see also United States v. Olderbak*, 961 F.2d 756, 759-60 (8th Cir. 1992) (affirming the denial of a motion to dismiss an indictment as insufficient when the indictment listed a limiting time frame and specified which drugs were involved and therefore the defendants could not "have failed to realize exactly what conduct" would be at issue at trial). Therefore, the information informs Charlebois of the charges and enables her to plead an acquittal or conviction as a bar to any future prosecution for the same offense.

Charlebois argues the Information is insufficient because it fails to allege that she assaulted (or resisted, impeded, etc.) the federal officer "voluntarily and intentionally." (ECF No. 25, at 2.). In support of that argument, Charlebois cites *United States v. Olson*, 262 F.3d 795, 799 (8th Cir. 2001) for the proposition that "a charging document is insufficient when a key element of the charge is not included." (ECF No. 25, at 1.) This argument fails. *Olson* involved an Indictment that failed to include an element that was contained in the statutory language. 262 F.3d at 798-99 (noting that the bank robbery statute required the taking of property "by force and violence, or by

intimidation" while the indictment merely alleged a generic taking). This is not the case here because, as noted above, the Information tracks the statutory language. Even if the government must prove Charlebois committed acts "voluntarily and intentionally" at trial, the Information is not insufficient for failing to include that language. *See Prelogar*, 996 F.3d at 531-32 (failure to allege two elements imposed by a Supreme Court decision did not render the indictment insufficient where it tracked the statutory language).

Charlebois cites no authority requiring an information or indictment tracking the language of 18 U.S.C. § 111 to identify the act in question was done "voluntarily and intentionally." To the contrary, this court has denied a motion to dismiss an indictment with language identical to the language in the Information. *Lopez*, 2026 WL 207356. Here, it is undisputed that the government's information tracks the statutory language, and like *Lopez*, the charging instrument is therefore sufficient to allege a violation of 18 U.S.C. 111(a)(1). (ECF No. 16)

Finally, until the Court rules in *United States v. Johnson*, 26-mj-81 (KMM/SGE) (ECF. No 24), Government counsel at this time remains authorized to represent the United States as a Special Assistant United States Attorney. Therefore, Charlebois' request is not ripe for consideration. The Government would request that the Court reserve a ruling on this matter and allow the Government to brief on the issue should the need arise.

## CONCLUSION.

Based on the foregoing, the United States respectfully requests that the Court deny Charlebois' Motion to Dismiss Count 1 for Failure to State an Offense.

Dated: March 20, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/John R. Arboleda*

BY: John R. Arboleda
Special Assistant U.S. Attorney